Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

Courtney K. Lee
Nevada Bar No. 8154
courtney.lee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888

Patrick Hillard (admitted *Pro Hac Vice*)
patrick.hillard@fedex.com
Federal Express Corporation
3620 Hacks Cross Road, Building B, 3rd Floor
Memphis, Tennessee 38125
Telephone: 901-434-4026

*Attorneys for Federal Express Corporation*

LAWRENCE W. FREIMAN, ESQ.
Nevada Bar No. 10588
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 917-1004
Fax: (310) 300-2603

LEAH MARTIN, ESQ.
Nevada Bar No. 7982
lmartin@leahmartinlv.com
LEAH MARTIN LAW
601 S. Rancho Dr., Ste. C-26
Las Vegas, Nevada 89106
Telephone: (702) 420-2733
Designated Nevada Attorney for Service Only

Attorneys for Plaintiff Hayley Thorpe

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| HAYLEY THORPE,<br><br>Plaintiff,<br><br>vs. | Case No.: 3:26-cv-00369-MMD-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | **GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |

Plaintiff Hayley Thorpe ("Plaintiff") and Defendant Federal Express Corporation ("Defendant"), (collectively referred to as "Parties"), by and through their respective attorneys of record, hereby request the Court enter the following Stipulated Protective Order Governing the Confidentiality of Information and Documents ("Stipulated Protective Order"). This Stipulation is brought pursuant to and in compliance with Fed. R. Civ. P. 26(c) and Local Rule 7-1. The Parties further request that this Stipulated Protective Order be entered as an order of the Court under Fed. R. Evid. 502(d) and as a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v).

Plaintiff is expected to request confidential, proprietary, non-public information and documents from Defendant, including, but not limited to, employee handbooks, documents related to non-party employees, investigative files, personnel files, business, insurance, and financial information, and other documents related to Defendant's personnel and business operations. Defendant considers this information and documents to be private and confidential, that may also contain trade secret or proprietary business information of Defendant. In addition, Defendant may request confidential, non-public information and documents from Plaintiff and third-parties, including financial records, medical records, employment records, and other information and documents regarding certain individuals, who are not, and are not expected to be, individual parties to this action. Plaintiff considers this information and documents to be private and confidential. The Parties further recognize that the medical, psychological, financial, and tax records of Plaintiff constitute protected health information and sensitive personal information warranting the protections set forth in Sections IV, XIII, and XV below.

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect material entitled to be kept confidential, the Parties agree

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

to limit the disclosure and use of proprietary, confidential, and private information and documents as stipulated, pursuant to this Stipulated Protective Order on the following terms:

## I. **DEFINITIONS**

The following definitions shall apply to this Protective Order:

This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment, and any proceeding to enforce or modify this Stipulated Protective Order.

"Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any Party to this Action or any third parties. A non-party that produces documents, information, or other materials in this Action may designate material as Confidential and may invoke and enforce the protections of this Stipulated Protective Order to the same extent as a Party.

"Party" shall mean the Plaintiff and Defendant in this Action, and any other person that may become a named Party to this Action.

"Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith believes, after review of the specific material, contains information entitled to protection under Fed. R. Civ. P. 26(c), including non-public personnel, medical, financial, or commercially sensitive information. A Party may designate information or documents as Confidential only where that good-faith belief exists as to the specific material designated, and shall not designate material on a wholesale or categorical basis; provided, however, by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

"Legend" as used herein shall mean a stamp or similar insignia stating "Confidential".

When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

## II. DESIGNATION OF INFORMATION AND DOCUMENTS

When any document, deposition testimony, or things produced under this Protective Order are designated as Confidential Information, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation.

Some documents being produced by both Plaintiff and Defendant may contain social security numbers, taxpayer identification numbers, dates of birth, financial account numbers, home addresses, and the names of minors. Without need of any designation, such information will be deemed to be Confidential. In the event a document is produced without the redaction of such information, any Party seeking to use the document will redact the information in accordance with Fed. R. Civ. P. 5.2 before its use in a deposition, court proceeding or court filing.

The initial failure to designate information or documents as Confidential in accordance with this Stipulated Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate. The Producing Party will reproduce any such documents with the Confidential Designation and will advise the non-producing party to destroy previously produced documents if they were inadvertently not marked confidential so as not to require an unnecessary burden on the non-producing party. Any such later designation shall operate prospectively only, and no Party shall be in breach of this Stipulated Protective Order, or subject to any sanction, for any disclosure or use of the material made before it received written notice of the designation.

## III. LIMITATIONS

This Stipulated Protective Order shall govern documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action, including disclosures made under Fed. R. Civ. P. 26(a) and materials produced by non-parties in

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

response to a subpoena issued in this Action, and used in the prosecution and defense of this Action.

Persons obtaining access to Confidential information under this Stipulated Protective Order shall use the information only for the preparation of and the trial in this Action, including motion practice as permitted by the Court. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

Nothing contained in this Stipulated Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Stipulated Protective Order shall authorize any use of documents or information which is otherwise impermissible.

Persons receiving Confidential information under this Stipulated Protective Order shall not upload, input, or otherwise provide any Confidential information or documents to any generative artificial intelligence tool or platform unless that tool or platform is subject to terms of service or a written agreement providing that the Producing Party's information will not be used to train, learn from, or otherwise be incorporated into the tool's underlying models and will not be disclosed to any third party. Use of a generative artificial intelligence tool that satisfies this paragraph is permitted. Nothing in this paragraph requires a Party to disclose the identity of any such tool, the manner of its use, or any resulting attorney work product, and nothing in this paragraph imposes any obligation beyond reasonable inquiry into the applicable terms of service or written agreement.

## IV. <u>PERMISSIBLE DISCLOSURES/ACCESS</u>

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an Order similar to this Stipulated Protective Order and/or to: (a) the Parties in the Action, and, in the case of Defendant, its in-house counsel, the staff of its Legal Department, and those of its officers, directors, employees, and agents to whom disclosure is reasonably necessary for the conduct of litigation in the Action, provided that no Confidential information shall be disclosed to any person solely by reason of that person's employment or office; (b) outside counsel for the Parties hereto and

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

their agents, employees, paralegals, or other secretarial and clerical employees or agents, and litigation-support and electronic-discovery vendors retained by them; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Action or their counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Action; (e) stenographic reporters and videographers who are involved in depositions, the trial or any hearings or proceedings before the Court in the Action; (f) people who have previously received or created the particular document; (g) witnesses in the Action who need to review this material in connection with their testimony in the Action; and (h) any mediator or settlement judge and his or her staff. Confidential information may be disclosed to persons listed in subsections (c), (d), (f), and (g) of this paragraph only after such person has been shown a copy of this Stipulated Protective Order and has executed the undertaking attached hereto as Exhibit A, which counsel making the disclosure shall retain and shall produce upon order of the Court or upon a showing of good cause.

## V. DECLASSIFICATION

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential shall be treated as such under this Stipulated Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

At any time, the receiving Party of any document or information designated as Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The written notice shall identify the material at issue by Bates number or other reasonable description and shall state the basis for the challenge. Within fourteen (14) days after service of the notice, lead counsel for the Parties shall meet and confer in compliance with LR IA 1-3(f) and Section V.B of the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 7).

If the Parties do not resolve the challenge, the designating Party shall, within fourteen (14)

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

days after the meet and confer, file a Motion Regarding Discovery Dispute in accordance with Section V.B of the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 7). The designating Party bears the burden of establishing that the material is entitled to protection under Fed. R. Civ. P. 26(c). If the designating Party does not timely file that motion, the designation is withdrawn and the material shall no longer be treated as Confidential.

The material at issue shall continue to be treated as Confidential until the challenge is withdrawn, the designation is withdrawn, the time to file a Motion Regarding Discovery Dispute expires, or the Court rules, whichever occurs first. A Party's failure to challenge a designation at the time it is made does not waive the right to challenge it later, and no Party's agreement to this Stipulated Protective Order constitutes an admission that any material is in fact confidential or an agreement that any material may be filed under seal.

## VI. DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, deemed to be Confidential, may be made by a statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this Stipulated Protective Order.

A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Stipulated Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

## VII. DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

The Parties recognize that designating Information as Confidential is not sufficient grounds for that document to be filed under seal in connection with any filing. The Parties acknowledge that court proceedings are presumptively public; that any request to file a document under seal must comply with LR IA 10-5 and Section IV.D of the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 7); and that the Party that designated the Information bears the burden of establishing the showing required under controlling Ninth Circuit authority for the filing at issue.

If a non-designating Party intends to make any filing containing information from, summarizing, or attaching a Confidential document that the opposing Party has designated as Confidential pursuant to this Stipulated Protective Order, the non-designating Party must notify the opposing Party at least three (3) court days prior to the filing or, if the applicable deadline makes three court days impracticable, as soon as practicable after the need for the filing becomes known. The designating Party must make a good faith determination whether the applicable standard for sealing is met. To the extent the designating Party does not believe the applicable standard for sealing can be met, it shall indicate that the document may be filed publicly no later than two (2) court days after receiving notice of the intended filing. To the extent the designating Party believes the applicable standard for sealing can be met, it shall, no later than two (2) court days after receiving notice of the intended filing, either file its own motion to seal supported by a substantive declaration or provide that declaration to the filing Party for attachment to a motion to seal. In either case the designating Party bears the burden of establishing the basis for sealing. If the designating Party fails either to respond or to file, the filing Party may file the material in the public record. Nothing in this paragraph requires any Party to delay or forgo a filing beyond an applicable deadline, and the filing Party may lodge the material provisionally under seal pending the Court's ruling.

Alternatively, the parties may meet and confer in advance of the filing to discuss whether and to what extent the Confidential document or information may be used, e.g., by redacting information not relevant to the motion or argument, so as to avoid the burden of filing the motion under seal. The parties agree to cooperate in good faith to reach a reasonable compromise with respect to the use of Confidential documents and/or information in law and motion practice, and will comply, as

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

applicable, with the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 7) and the Civil Standing Order of U.S. District Judge Miranda M. Du.

In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating Party fails to timely file such declaration, the Court may order the document filed in the public record. Motions to seal shall be filed consistent with Federal Rule of Civil Procedure 5.2, LR IA 10-5, the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney (ECF No. 7), and the Civil Standing Order of U.S. District Judge Miranda M. Du.

## VIII. DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action. Either Party may initiate a meet and confer conference in advance of any hearing or trial that will provide the Parties a reasonable amount of time to meet and confer in advance of a hearing and/or trial as to how the information or documents will be used including, by way of example, requesting that the Court designate a portion of a transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties' at their request. If the Parties cannot agree about how the information or documents will be used during a hearing and/or trial, before or at the time of the hearing and/or trial, the Party designating such Confidential status may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, consistent with Federal Rule of Civil Procedure 5.2, LR IA 10-5, and controlling Ninth Circuit authority. If such a motion is made regarding evidence to be introduced at the time of a hearing and/or trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

are offered into evidence in open court. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing. Nothing in this Section restricts a Party's use at any hearing or at trial of that Party's own Confidential information or documents, or Plaintiff's use of her own medical, personnel, payroll, or tax records.

## IX. SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall give written notice thereof within five calendar days after receipt, and in any event no later than three court days before compliance is due, to any Party which has designated such information Confidential. After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any Order it believes necessary to prevent disclosure of documents designated. Nothing in this Section requires any Party to disobey a lawful subpoena or court order, to subject itself to any sanction or penalty, or to withhold production beyond the date compliance is due where the designating Party has not obtained an order permitting or requiring the material to be withheld.

## X. CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

## XI. COPIES OF DESIGNATED INFORMATION

The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential information. Parties shall not duplicate Confidential information or documents except working copies, copies furnished to persons permitted access under Section IV, and copies for filing

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

in Court under seal. All copies of any Confidential information or documents shall be treated as provided in this Stipulated Protective Order.

**XII. <u>NO WAIVER</u>**

No Confidential information or documents shall lose such status under this Stipulated Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.

Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order. The use of Confidential information and documents as evidence at trial shall be subject to this Stipulated Protective Order unless otherwise agreed to by the Parties or modified by the Court or by any rule or requirement to the fullest extent of the law.

The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

**XIII. <u>NON-TERMINATION</u>**

The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Stipulated Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Within sixty (60) days after the final disposition of the Action, including the exhaustion of all appeals, each receiving Party shall return to the Producing Party or destroy all Confidential information and documents in its possession, custody, or control, and shall so certify in writing upon request. Counsel of record may retain one archival set of pleadings, motions, briefs, deposition and hearing transcripts, exhibits, expert reports, correspondence, and attorney work

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

product, which shall remain subject to this Stipulated Protective Order. Nothing in this Stipulated Protective Order restricts any Party or counsel from using or disclosing information lawfully obtained from a source independent of discovery in this Action, or restricts Plaintiff's use of her own medical, personnel, payroll, or tax records. The Court shall retain jurisdiction to enforce this Stipulated Protective Order after the final disposition of the Action.

**XIV. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS**

A. Pursuant to Fed. R. Evid. 502(d), the production or disclosure of any document or information in this Action, whether inadvertent or otherwise and regardless of the care taken by the Producing Party, shall not constitute a waiver of any privilege or of any protection as trial-preparation material in this Action or in any other federal or state proceeding. Consistent with Fed. R. Civ. P. 26(b)(5)(B), the Producing Party shall notify the receiving Party in writing of the claim and the basis for it within fifteen (15) days after the Producing Party actually discovers that the production occurred, and shall amend its discovery responses and, where applicable, serve an amended privilege log. A Producing Party's failure to give notice within that period does not effect a waiver, but the receiving Party shall have no obligation under Subsection B as to any use or disclosure made before it received that notice.

B. Following the Producing Party's written notice of the production, the receiving Party shall promptly return, sequester, or destroy the specified information and all copies of it, and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties. The receiving Party may retain one sequestered copy solely for the purpose of a challenge under Subsection D.

C. The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may, within fourteen (14) days after receiving the Producing Party's notice, present the information under seal to the Court for a determination. The Producing Party bears the burden of establishing the claimed privilege or protection.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

E. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

XV. Protected Health Information; Qualified Protective Order

A. This Stipulated Protective Order is intended to be, and upon entry shall constitute, a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v). For purposes of 45 C.F.R. § 164.512(e), any covered entity, as that term is defined in 45 C.F.R. § 160.103, may disclose protected health information concerning Plaintiff in response to a subpoena, discovery request, or authorization served in this Action without further authorization from Plaintiff, subject to the terms of this Stipulated Protective Order. This Section does not compel any non-party to produce material, and does not waive any objection a non-party may assert.

B. The Parties are prohibited from using or disclosing protected health information obtained in this Action for any purpose other than this Action.

C. At the end of this Action, including the exhaustion of all appeals, the Parties shall return to the covered entity or destroy all protected health information obtained in this Action, including all copies made. As to protected health information, this Subsection controls over the archival retention otherwise permitted by Section XIII, except that counsel may retain material filed with the Court and attorney work product that refers to protected health information.

D. All protected health information concerning Plaintiff, and all of Plaintiff's medical, psychological, psychotherapy, substance-abuse, tax, financial, educational, and subsequent-employment records, shall be treated as Confidential without the need for any designation. Such material shall not be disclosed to any current or former employee of Defendant other than in-house counsel and the staff of Defendant's Legal Department, and shall not be placed in or added to Plaintiff's personnel file or any human resources, benefits, payroll, or employment record maintained by Defendant. This Subsection does not preclude the use of such material with a witness at a deposition, hearing, or trial where reasonably necessary, provided that any witness who is a current or former employee of Defendant first executes Exhibit A.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

E. Nothing in this Section limits Plaintiff's use of her own protected health information or records in this Action, or requires Plaintiff to return or destroy records she obtained independent of discovery in this Action.

XVI. Miscellaneous

A. This Stipulated Protective Order does not constitute a ruling on the discoverability, relevance, or admissibility of any material, does not waive any objection to production, and does not entitle any Party to obtain material to which it is not otherwise entitled.

B. Nothing in this Stipulated Protective Order limits the Court's authority to modify it, or any Party's right to seek modification for good cause or to seek greater protection for particular material under Fed. R. Civ. P. 26(c).

C. Any non-party producing material in this Action may invoke the protections of this Stipulated Protective Order by so stating in writing at or before the time of production.

IT IS SO STIPULATED.

DATED this 1st day of September, 2026.

FREIMAN LEGAL, P.C.

_/s/ Lawrence W. Freiman_
Lawrence W. Freiman
Nevada Bar No. 10588
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 917-1004

*Attorneys for Plaintiff Hayley Thorpe*

DATED this 1st day of September, 2026.

FEDERAL EXPRESS CORPORATION

_/s/ Patrick J. Hillard, Sr._
Patrick J. Hillard, Sr. (admitted *Pro Hac Vice*)
3620 Hacks Cross Road, Building B, 3rd Floor
Memphis, Tennessee 38125
Telephone: 901-434-4026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART

Courtney K. Lee
Nevada Bar No. 8154
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135

*Attorneys for Federal Express Corporation*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

**ORDER**

Paragraph XIII is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

Dated: September 1, 2026

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

**<u>EXHIBIT A</u>**

**UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in Hayley Thorpe v. Federal Express Corporation, Case No. 3:26-cv-00369-MMD-CSD, which case is currently pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order. I further agree that I will not use or disclose any Confidential information or protected health information disclosed to me for any purpose other than this Action, and that I will return or destroy all such material at the conclusion of my involvement in this Action.

__________________________________
Signature

__________________________________
Printed Name

__________________________________
Dated